UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOGDAN RADU,

                    Plaintiff,

                                        CIVIL CASE NO. 04-40317

v.

LEAR CORPORATION,                         HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
                    Defendant.
_____/

## **ORDER OF DISMISSAL**

Before the Court is Defendant Lear Corporation's ("Lear") motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Radu responded and Lear replied. For the reasons that follow, the Court will grant the motion.

**I.    Background**

Lear terminated Radu's employment on July 6, 2004. *See* Def. Resp. to Pl. Mot. for Stay, Ex. B (Mar. 28, 2005). Radu alleges that the termination was in retaliation for his threat to report alleged patent violations associated with Lear's patent filings. Ninety-One days after his termination, on October 5, 2004, Plaintiff filed a complaint in Wayne County City Court containing three state law claims and one federal claim, a claim of whistle-blower retaliation in violation Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. Based on the federal claim, Lear removed the case to this Court on November 2, 2004. On November 22, 2004, the Court remanded Radu's state law claims and retained only the Sarbanes-Oxley claim.

On December 6, 2004, Lear filed a motion to dismiss based on Radu's failure to adhere to

Sarbanes-Oxley's procedural requirements, namely Radu's failure to file an administrative complaint within 90 days of the alleged violation. *See* 18 U.S.C. § 1514A(b)(1)(A) & (2)(D). Thereupon Radu filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") on December 17, 2004. Because Radu's administrative complaint was filed more than 90 days after his termination, OSHA dismissed the administrative complaint as untimely. Pl. Mot. for Stay, Ex. B (Mar. 11, 2005). Radu is currently seeking an appeal of OSHA's ruling and has filed a motion requesting the Court to Stay its proceedings pending the outcome of that appeal. The Court, however, will not stay its proceedings because even if Radu were to succeed on his administrative complaint, he would still have failed to satisfy Sarbanes-Oxley's procedural requirements.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

**III.   Analysis**

The Sarbanes-Oxley Act provides:

(1)   In general. A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by–

   (A)   filing a complaint with the Secretary of Labor; or

   (B)   if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

(2)   Procedure.

   * * *

   (D)   Statute of limitations. An action under paragraph (1) shall be commenced not later than 90 days after the date on which the violation occurs.

18 U.S.C. § 1514A(b). The Sarbanes-Oxley requires that an individual seek relief by filing a complaint with the Secretary of Labor within 90 days of the alleged violation. *Id.* The Secretary of Labor has delegated the responsibility of accepting such complaints to OSHA. *See* 29 C.F.R. § 1980.103. Only if OSHA has failed to issue a final decision within 180 days of the filing of the

3

complaint, may the individual institute an action in court, and only then in federal court. "In other words, 'before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with the Occupational Safety and Health Administration ("OSHA") and afford OSHA the opportunity to resolve the allegations administratively.'" *Hanna v. WCI Cmtys., Inc.*, 348 F. Supp. 2d 1322, 1326 (S.D. Fla. 2004) (citing *Willis v. VIE Financial Group, Inc.*, No. 04-435, 2004 U.S. Dist. LEXIS 15753 (E.D. PA. Aug. 6, 2004)).

Here, Radu failed to file a timely complaint with OSHA. Radu argues that his filing of a complaint in state court should either satisfy Sarbanes-Oxley's requirement or toll the 90-day statute of limitations. However, not only did Radu file the complaint in the wrong court, Sarbanes-Oxley specifies that the complaint is to be filed in federal court, but he also filed the complaint after expiration of the 90-day statute of limitations. Radu, though, was well aware of his injury and of the statute of limitations involved.[1] *See* Def. Resp. to Pl. Mot. for Stay, Ex. E (Mar. 28, 2005). Therefore, by failing to meet Sarbanes-Oxley's procedural requirements, Radu has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[1] Radu's complaint also contained a claim under Michigan's Whistleblower's Protection Act, M.C.L. § 15.361, et seq. Whether Radu was concerned with the Michigan statute of limitations, as opposed to Sarbanes-Oxley's statute of limitations, is irrelevant, as both acts have a 90-day statute of limitations. M.C.L. § 15.363.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Lear Corporation's motion to dismiss [docket entry 5] is **GRANTED**, and this action, No. 04-40317, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: September 30, 2005                           s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 30, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Karen S. Kienbaum; Bonnie L. Mayfield; Jennifer L. Neumann         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                 .

                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845